UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AMADOU BA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1343

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.20–21.) In an Order entered on April 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

March 23, 2026, bond hearing on May 4, 2026. (Resp., ECF No. 5; Recording of Mar. 23, 2026,

Bond Hearing, filed on May 4, 2026.) Petitioner filed his reply on May 4, 2026, (ECF No. 6), and

a notice of supplemental authority on May 12, 2026, (ECF No. 7).

## II.    Factual Background

Petitioner is a citizen of Mauritania who entered the United States on or about May 10,

2023. (Pet., ECF No. 1, PageID.6; Form I-213, ECF No. 5-1, PageID.68.) On July 1, 2025, ICE

agents arrested Petitioner. (Form I-213, ECF No. 5-1, PageID.68.) In an order entered on October

15, 2025, an Immigration Judge in the Cleveland Immigration Court denied Petitioner's

application for asylum and withholding of removal, and ordered that Petitioner be removed to

Mauritania. (Oct. 2025 Order Immigration Judge, ECF No. 5-2, PageID.71–73.) Petitioner

appealed this order to the Board of Immigration Appeals (BIA), and that appeal remains pending.

(Resp., ECF No. 5, PageID.37; Recording of Mar. 23, 2026, Bond Hearing, at 2:06–2:25, filed on

May 4, 2026.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of

removal is not "administratively final" for purposes of the INA.[1] *See* 8 U.S.C. §§ 1101(a)(47)(B),

1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[1] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231

On March 23, 2026, Petitioner received a hearing in the Detroit Immigration Court. (Resp., ECF No. 5, PageID.38; Order Immigration Judge, ECF No. 1-3, PageID.29.) During that hearing, the Immigration Judge stated that it was Petitioner's burden to show that he was not a flight risk or a danger to the community. (Recording of Mar. 23, 2026, Bond Hearing, at 5:47–5:52, filed on May 4, 2026.) In an order entered following the hearing, the Immigration Judge denied Petitioner's request for a custody redetermination. (Order Immigration Judge, ECF No. 1-3, PageID.29.) The Immigration Judge determined that immigration judges lack the authority to hear a detainee's request for bond. (*Id*.) Alternatively, the Immigration Judge stated that "[e]ven if the Court had the authority to hear the bond request, [Petitioner] has failed to meet his/her burden of demonstrating [Petitioner] is not a flight risk." (*Id*.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

3

## IV.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

### B.    Burden of Proof

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction. The Court has fully addressed this issue and Respondents' argument in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## V.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for

the denial.


Dated:        June 8, 2026                    /s/ Jane M. Beckering

                                              Jane M. Beckering
                                              United States District Judge